IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| METALMARK NORTHWEST, L.L.C., an Oregon limited liability company, and VALLEY BRONZE OF OREGON, INC., an Oregon corporation,<br><br>  Plaintiffs,<br><br>  vs.<br><br>LAURA JANELL STEWART; CHRISTOPHER W. STEWART; F. LEITH BOGGESS; HIGHLAND ORNAMENTAL IRON WORKS, INC., a Virginia Corporation; MILESTONE TARANT, LLC, a District of Columbia Limited Liability Company; RICHARD T. ROSS; SUPERIOR IRON WORKS, INC., a Virginia Corporation,<br><br>  Defendants. | Case No. 04-682-KI<br><br>OPINION AND ORDER |

Page 1 - OPINION AND ORDER

Robert L. Aldisert
Stephanie K. Hines
Cody M. Weston
Perkins Coie LLP
1120 N. W. Couch Street, Tenth Floor
Portland, Oregon  97209-4128

    Attorneys for Plaintiffs

Douglas S. Parker
Richard G. Price
Preston Gates & Ellis LLP
222 S. W. Columbia Street, Suite 1400
Portland, Oregon  97201-6632

Herman M. Braude
Michael A. Lewis
Braude & Margulies, P.C.
1200 Potomac Street, N. W.
Washington, D. C.  20007

    Attorneys for Defendants

KING, Judge:

The parties in these related actions are involved in the bronze casting and ornamental metal fabrication business. Defendants allegedly conspired to deprive plaintiffs of the $8.4 million contract for an ornamental metal and bronze door at the United States Capital Visitor Center ("CVC"). Before the court is plaintiff Valley Bronze of Oregon, Inc.'s ("Valley Bronze") Motion to Dismiss Counterclaim (#135). Valley Bronze contends that the court lacks jurisdiction over the counterclaim. For the reasons below, I grant the motion and dismiss the counterclaim.

**ALLEGED FACTS**

In the Answer filed on March 21, 2006, defendant F. Leith Boggess alleged a counterclaim against Valley Bronze for breach of contract. The counterclaim alleges that Valley Bronze and Stewart Springs participated in a joint venture[1] to work on the World War II Memorial ("WWII project"). Under the joint venture operating agreement, Valley Bronze was solely responsible for obtaining bonding for this project. When Valley Bronze was financially incapable of obtaining a bond, it agreed to pay Boggess two percent of the bond amount as consideration for Boggess agreeing to indemnify the bond provider. Boggess executed the indemnity agreement and the bond was obtained. Boggess alleges that Valley Bronze never paid the two percent fee, an amount of $48,908.70.

**DISCUSSION**

I.      Nature of the Counterclaim

The first issue is to determine the nature of the counterclaim. If it is compulsory, the court has jurisdiction over it. See Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n.1, 94 S. Ct. 2504 (1974). Valley Bronze contends the counterclaim is permissive. Boggess contends it is compulsory.

A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). Federal courts use the logical relationship test to determine if two claims arise out of the same transaction or occurrence. Pochiro v. Prudential Insurance Co. of America, 827 F.2d 1246, 1249 (9th Cir. 1987). "This flexible approach to Rule 13 problems attempts to analyze whether the essential facts of the

---

[1] This was prior to the formation of Metalmark.

Page 3 - OPINION AND ORDER

various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id. (internal quotation omitted).

Plaintiffs' claims here concern defendants' conduct associated with allegedly conspiring to take the CVC work away from Metalmark. The counterclaim concerns Valley Bronze's alleged failure to compensate Boggess for indemnifying the WWII project bond. Metalmark did not yet exist. The projects are completely different. Boggess contends that the counterclaim is logically related to the CVC claims because plaintiffs allege that he promised to sign a performance bond for Metalmark's CVC project but then refused to do so unless his conditions were met.

I agree with plaintiffs that the counterclaim is not logically related to plaintiffs' claims. Although Boggess and bonding are central to both, the bonds are for different projects bid by different entities (a joint venture for the WWII project and Metalmark for the CVC project). I conclude that the counterclaim does not arise out of the same transaction or occurrence and consequently, is a permissive counterclaim.

II.     Jurisdiction over the Counterclaim

Traditionally, only compulsory counterclaims can rely on supplemental jurisdiction. Permissive counterclaims require an independent basis for federal jurisdictional. Iglesias v. Mutual Life Insurance Company of New York, 156 F.3d 237, 241 (1st Cir. 1998), cert. denied, 528 U.S. 812 (1999); see also 6 Charles A. Wright, Arthur R. Miller & Mary K Kane, Federal Practice and Procedure § 1422 at 170 (2d ed. 1990). Defendants do not contend that an independent ground for federal subject matter jurisdiction exists for the counterclaim.

Congress' 1990 passage of the supplemental jurisdiction statute, however, has caused some courts to question the continued viability of the rule. District courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

> The explicit extension to the limit of Article III of a federal court's jurisdiction over "all other claims" sought to be litigated with an underlying claim within federal jurisdiction recast the jurisdictional basis of permissive counterclaims into constitutional terms. After section 1367, it is no longer sufficient for courts to assert, without any reason other than dicta or even holdings from the era of judge-created ancillary jurisdiction, that permissive counterclaims require independent jurisdiction. . . .
>
> . . . .
>
> We share the view that section 1367 has displaced, rather than codified, whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction (in the sense of federal question or diversity jurisdiction).

Jones v. Ford Motor Credit Company, 358 F.3d 205, 212-13 (2nd Cir. 2004) (footnote omitted); see also Channell v. Citicorp National Services, Inc., 89 F.3d 379 (7th Cir. 1996); contra Oak Park Trust and Savings Bank, 209 F.3d 648, 651 (7th Cir. 2000) (stated traditional view without any discussion of Channell). Jones concluded that supplemental jurisdiction existed over defendant Ford Motor Credit's debt collection counterclaims because plaintiffs claimed that Ford Motor Credit violated the Equal Credit Opportunity Act ("ECOA") due to race discrimination. "Both the ECOA claim and the debt collection claims originate from the Plaintiffs' decisions to purchase Ford cars." Jones, 358 F.3d at 214.

I am unaware of the Ninth Circuit addressing the issue. The Ninth Circuit does define the "same case or controversy": "Nonfederal claims are part of the same 'case' as federal claims

Page 5 - OPINION AND ORDER

when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agricultural Ass'n, 387 F.3d 850, 855 (9th Cir. 2004).

I adopt the well-reasoned analysis in Jones and conclude that supplemental jurisdiction can be applied to permissive counterclaims that allege the appropriate facts.

Here, the First Amended Complaint alleges that the WWII project began in early 2002, Metalmark was formed in August 2002 and Metalmark bid the CVC project in February 2003. I am unpersuaded by defendants' argument that Boggess' promises to assist in procuring a bond for each project is the connection that makes the counterclaim part of the same case or controversy as the claims alleged by plaintiffs. As explained above, the WWII and CVC projects are unrelated. There is no common nucleus of operative fact other than that many, but not all, of the parties overlap. Accordingly, I find that supplemental jurisdiction does not apply to the counterclaim and that there is no other basis for jurisdiction over it. I dismiss the counterclaim.

## CONCLUSION

Valley Bronze's Motion to Dismiss Counterclaim (#135) is granted.

IT IS SO ORDERED.

Dated this ___4th___ day of May, 2006.

                                          /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge