FILED'06 AUG 02 16:12USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| METALMARK NORTHWEST, L.L.C., an Oregon limited liability company, and VALLEY BRONZE OF OREGON, INC., an Oregon corporation,<br><br>            Plaintiffs,<br><br>   vs.<br><br>LAURA JANELL STEWART; CHRISTOPHER W. STEWART; F. LEITH BOGGESS; HIGHLAND ORNAMENTAL IRON WORKS, INC., a Virginia Corporation; MILESTONE TARANT, LLC, a District of Columbia Limited Liability Company; RICHARD T. ROSS; SUPERIOR IRON WORKS, INC., a Virginia Corporation,<br><br>            Defendants. | Case No. 04-682-KI<br><br>OPINION AND ORDER |

Robert L. Aldisert
Stephanie K. Hines
Cody M. Weston
Perkins Coie LLP
1120 N. W. Couch Street, Tenth Floor
Portland, Oregon  97209-4128

    Attorneys for Plaintiffs

Douglas S. Parker
Richard G. Price
Preston Gates & Ellis LLP
222 S. W. Columbia Street, Suite 1400
Portland, Oregon  97201-6632

Herman M. Braude
Michael A. Lewis
Braude & Margulies, P.C.
1200 Potomac Street, N. W.
Washington, D. C.  20007

    Attorneys for Defendants

KING, Judge:

Before the court is Plaintiff Metalmark's Motion for Attorney Fees and Costs (#107).

## LEGAL STANDARDS

In addressing a petition for attorney fees, the court must first determine the lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997). In calculating the lodestar amount, the court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that are subsumed in that calculation. Id. at 364 n.9. The factors are:

>	(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

The factors subsumed in the lodestar calculation, and thus to be considered in determining the number of reasonable hours and the reasonable hourly rate, are: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained. Id. at 364 n.9. Next, the court must consider the necessity of adjusting the lodestar amount based on the Kerr factors that are not subsumed within the initial lodestar calculation. Id. at 363-64. There is a strong presumption, however, that the lodestar amount is a reasonable fee. Nevertheless, in rare cases, this strong presumption may be rebutted through the application of those factors not subsumed in the lodestar calculation. Id. at 364 n.8.

## DISCUSSION

Metalmark seeks an award of attorney fees and costs incurred in connection with the arbitration confirmation proceedings. On May 2, 2006, I entered a Judgment under Federal Rule of Civil Procedure 54(b) after confirming the arbitrator's award. Metalmark seeks $30,031.20 in

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Page 3 - OPINION AND ORDER

attorney fees and costs of $561.00. The operating agreement provides for recovery of reasonable attorney fees and costs incurred in connection with an arbitration.

Defendants do not object to the amount of costs sought or to the blended hourly rate of $275 for attorneys. I award the costs and discuss the hourly rate below.

Defendants contend that Metalmark seeks an excessive number of hours related to the filing and service of the petition for confirmation of the arbitration award, a total of just over sixteen hours. Defendants contend that the work could be accomplished in five hours.

Metalmark explained that counsel had to draft the state court petition twice, after the first was rejected by the court clerk in light of a new statute governing confirmation of arbitration awards, ORS 36.700. Further, Metalmark explains that Janelle Stewart proved elusive to serve, requiring extra supervision of the process servers.

I acknowledge the difficulties but believe that the number of hours spent on these activities, when billed at the rate of $275 per hour, is not reasonable because the work is not complex, particularly the service aspects. I will reduce the average hourly rate for the 16.5 hours to $150 per hour, resulting in a reduction of $2,062.50.

Defendants contend that the rates for the paralegals, ranging from $150 to $189 per hour, exceed the rates charged by an attorney in the Portland or Salem area with zero to three years of experience. Defendants ask that Metalmark justify the hourly rate.

After conferring with opposing counsel, Metalmark has agreed to reduce the paralegal rate to $75 per hour, a rate defendants accept. This reduces the attorney fees by $785.20. I agree that this concession is reasonable.

Page 4 - OPINION AND ORDER

I have examined the other <u>Kerr</u> factors and conclude that with these changes, the lodestar amount is reasonable, particularly in light of the fact that Metalmark's counsel took the case on a contingent basis.

## CONCLUSION

Plaintiff Metalmark's Motion for Attorneys' Fees and Costs (#175/-) is granted for attorney fees in the amount of $27,183.50 and costs in the amount of $561.00.

IT IS SO ORDERED.

Dated this ___31st___ day of July, 2006.

　　　　　　　　　　　　　　　　　/s/ Garr M. King
　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　United States District Judge

Page 5 - OPINION AND ORDER