IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| METALMARK NORTHWEST, LLC, an Oregon limited liability company and VALLEY BRONZE OF OREGON, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 04-682-KI (Lead Case) |
| vs. | ) ) ) | CONSOLIDATED CASE: Cv 05-1920-KI |
| LAURA JANELLE STEWART, CHRISTOPHER W. STEWART, F. LEITH BOGGESS, HIGHLAND ORNAMENTAL IRON WORKS, INC., a Virginia Corporation, MILESTONE TARANT, LLC, a District of Columbia Limited Liability Company, RICHARD T. ROSS, SUPERIOR IRON WORKS, INC., a Virginia Corporation, STEWART SPRINGS, LTD., | ) ) ) ) ) ) ) ) ) ) ) ) | OPINION AND ORDER |
| Defendants. | ) | |

Page 1 - OPINION AND ORDER

Robert L. Aldisert
Stephanie K. Hines
Cody M. Weston
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon  97209-4128

    Attorneys for Plaintiffs

Herman M. Braude
Michael A. Lewis
Braude & Margulies, P.C.
1200 Potomac Street, N.W.
Washington, D. C.  20007

Richard G. Price
Douglas S. Parker
Preston Gates & Ellis, LLP
222 S.W. Columbia Street, Suite 1400
Portland, Oregon  97201-6632

    Attorneys for Defendants

KING, Judge:

Before the court is Metalmark's Motion for Entry of Judgment in Amount of Prior Arbitration Award (#229).

## DISCUSSION

Metalmark moves for entry of judgment against Frank Boggess and Chris Stewart in the amount awarded by the arbitrator, $2,373,937.68, which includes damages, attorney fees, and costs. The arbitrator found that Janelle Stewart breached contractual and fiduciary duties owed to Metalmark.

I.        Co-Conspirators

Metalmark argues that the injury alleged in this case is the same injury found in arbitration – the lost expectant profit in the Capital Visitors Center ("CVC") Project.

In civil conspiracy, coconspirators are jointly and severally liable for the tortious conduct of their coconspirators. Security & Investment Co. v. Locks Towing, 213 Or. 503, 511, 326 P.2d 439 (1958).

> [w]hen a plaintiff alleges and proves that several defendants conspired to commit a tort upon him, all the defendants involved in the conspiracy can be held liable for the overt act which is committed by one of the defendants pursuant to the conspiracy. If a conspiracy is not proved, only those defendants can be held liable who are alleged and proved to have personally committed a tortious overt act against the plaintiff.

Granewich v. Harding, 329 Or. 47, 55, 985 P.2d 788 (1999) (quoting Still v. Benton, 251 Or. 463, 466 (1968)).

For me to enter judgment in the requested amount, the jury would have to have found that Janelle Stewart conspired with Chris Stewart and Boggess. Metalmark argues that the jury found that the three conspired to commit the interference with the CVC contract.

I disagree. Based on the interrogatories, the jury found that Boggess and Chris Stewart wrongfully interfered with Metalmark's prospective economic relationship in the CVC bid and also found that Boggess and Chris Stewart conspired to interfere with that relationship. The jury did not find that the two defendants conspired with Janelle Stewart. I acknowledge that there was evidence supporting this contention. The jury, however, was not asked to make such a finding. Consequently, I cannot find that the three were co-conspirators, leading to joint and several liability by Boggess and Chris Stewart for the arbitration award.

Page 3 - OPINION AND ORDER

II.     Issue Preclusion

Alternatively, Metalmark relies on Newton Insurance Agency v. Caledonian Insurance Group, Inc., 52 P.3d 30 (Wash. App. 2002). I denied this motion before trial but gave Metalmark leave to renew the argument if the jury found a conspiracy.

In Newton, Lynch sold his insurance business to Newton in an agreement containing a noncompetition clause. Newton then employed Lynch as an insurance agent. While Lynch worked for Newton, he kept some commissions to himself, prompting his firing. Caledonian then hired Lynch on the expectation that some of his business would follow him. Id. at 31-33. Newton prevailed against Lynch in arbitration and sued Caledonian in a separate action. The court granted Newton summary judgment on liability against Caledonian for the interference with a business expectancy and civil conspiracy claims based on an evidentiary record and not on estoppel. Id. at 33-35.

The court then addressed whether to apply collateral estoppel to the measure of damages:

> Whether Caledonian is bound by the arbitrator's determination of damages depends on the application of collateral estoppel, which bars relitigation of a particular issue or determinative fact. . . .
>
>         . . . .
>
> The issues were identical, and a final judgment resulted. Caledonian was not a party, however, so the question is whether Caledonian was in privity with Lynch. Newton contends Lynch and Caledonian were in privity because Lynch acted as Caledonian's agent. Generally, agency has been found to provide the requisite privity only when the principal or agent is attempting to benefit from collateral estoppel, not when collateral estoppel is used *against* the principal or agent. The relationship between Lynch and Caledonian, however, is more than that of agent and principal; as described above, they are co-conspirators. Certainly Lynch, as a party to the arbitration, is collaterally estopped from relitigating damages. As his co-conspirator, Caledonian is jointly and severally liable for the damages resulting from his conduct. Those damages have been

Page 4 - OPINION AND ORDER

established, and Newton seeks no more than that. On principles of joint and several liability, therefore, the trial court properly entered judgment against Caledonian in the same amount previously ordered against Lynch.

Id. at 35 (internal quotation and citation omitted; italics in the original; underlining added).

Newton does not apply because there is no jury finding of a conspiracy between Boggess, Chris Stewart, and Janelle Stewart.

## CONCLUSION

Metalmark's Motion for Entry of Judgment in Amount of Prior Arbitration Award (#229) is denied. Judgment will be entered in the amount of $850,000.

IT IS SO ORDERED.

Dated this     8th      day of August, 2006.

                                            /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge