FILED'06 SEP 08 11:08USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| METALMARK NORTHWEST, LLC, an Oregon limited liability company and VALLEY BRONZE OF OREGON, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 04-682-KI (Lead Case) |
| vs. | ) ) ) | *CONSOLIDATED CASE: Cv 05-1920-KI* |
| LAURA JANELLE STEWART, CHRISTOPHER W. STEWART, F. LEITH BOGGESS, HIGHLAND ORNAMENTAL IRON WORKS, INC., a Virginia Corporation, MILESTONE TARANT, LLC, a District of Columbia Limited Liability Company, RICHARD T. ROSS, SUPERIOR IRON WORKS, INC., a Virginia Corporation, STEWART SPRINGS, LTD., | ) ) ) ) ) ) ) ) ) ) ) ) | OPINION AND ORDER |
| Defendants. | ) ) | |

Robert L. Aldisert
Stephanie K. Hines
Cody M. Weston
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon  97209-4128

   Attorneys for Plaintiffs

Herman M. Braude
Michael A. Lewis
Braude & Margulies, P.C.
1200 Potomac Street, N.W.
Washington, D. C.  20007

Richard G. Price
Douglas S. Parker
Preston Gates & Ellis, LLP
222 S.W. Columbia Street, Suite 1400
Portland, Oregon  97201-6632

   Attorneys for Defendants

KING, Judge:

  Before the court is plaintiffs' Bill of Costs (#246 #314), as well as defendants' objections.

## LEGAL STANDARDS

  Fed. R. Civ. P. 54(d)(l) provides, in part:  "Except when express provision therefor is

made either in a statute of the United States or in these rules, costs other than attorneys' fees shall

be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  This rule

is not read "as giving district judges unrestrained discretion to tax costs to reimburse a winning

litigant for every expense he has seen fit to incur in the conduct of his case."  Farmer v. Arabian

Am. Oil Co., 379 U.S. 227, 235 (1964).  Expenses which may be taxed as costs against a losing

party are enumerated in 28 U.S.C. § 1920:

Page 2 - OPINION AND ORDER

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

However, the discretion to grant costs does not include the authority to tax costs beyond those authorized by statute or contract. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Thus, the discretion granted under Rule 54(d) allows a court to decline to tax costs, but does not authorize a court to award excess costs in the absence of a "specific congressional command." Id. at 442.

## DISCUSSION

I deny defendants' objection based on overcompensation of costs in the arbitration proceeding. While it does appear that costs not sought by plaintiffs were awarded by the arbitrator, the issue should have been raised with the arbitrator or, alternatively, with me during the briefing on whether to confirm the arbitration award.

I decline to award costs that were awarded in the arbitration proceedings, regardless of whether the material, such as deposition copies, were also used in this court. The parties are

Page 3 - OPINION AND ORDER

asked to confer to determine if they can agree on the amounts to be deducted, which are proposed by defendants on page five of their objections.

I decline to award the cost of any hearing or trial transcripts. I do not find that they were reasonably necessary for use in the case.

I decline to award the service fees of $310.00 for service on Manhattan Construction and Superior Iron Works. The service occurred in 2004 as part of the arbitration proceeding.

I award in full the fees of the clerk, $150.00; the remaining $305.00 in service fees for F. Boggess, C. Stewart, L. Stewart, and S. Corey; and the prevailing party fee of $20.00.

## CONCLUSION

Plaintiffs' Bill of Costs (#246) (# 314) is granted with costs awarded in a reduced amount, as explained above. The parties are asked to confer on the amount to be awarded in compliance with this ruling. By September 29, 2006, they should either submit a stipulation on the amount or short statements of the disputes and their respective positions.

IT IS SO ORDERED.

Dated this _____ 5th _____ day of September, 2006.

Garr M. King
United States District Judge

Page 4 - OPINION AND ORDER