IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| METALMARK NORTHWEST, LLC, an Oregon limited liability company and VALLEY BRONZE OF OREGON, INC., | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | Case No. 04-682-KI (Lead Case) |
| vs. | )<br>)<br>) | *CONSOLIDATED CASE: Cv 05-1920-KI* |
| LAURA JANELLE STEWART, CHRISTOPHER W. STEWART, F. LEITH BOGGESS, HIGHLAND ORNAMENTAL IRON WORKS, INC., a Virginia Corporation, MILESTONE TARANT, LLC, a District of Columbia Limited Liability Company, RICHARD T. ROSS, SUPERIOR IRON WORKS, INC., a Virginia Corporation, STEWART SPRINGS, LTD., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | OPINION AND ORDER |
| Defendants. | ) | |

Page 1 - OPINION AND ORDER

Robert L. Aldisert
Stephanie K. Hines
Cody M. Weston
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon  97209-4128

    Attorneys for Plaintiffs

Herman M. Braude
Michael A. Lewis
Braude & Margulies, P.C.
1200 Potomac Street, N.W.
Washington, D. C.  20007

Richard G. Price
Douglas S. Parker
Preston Gates & Ellis, LLP
222 S.W. Columbia Street, Suite 1400
Portland, Oregon  97201-6632

    Attorneys for Defendants

KING, Judge:

Metalmark Northwest, LLC ("Metalmark") prevailed in a jury trial against defendants Christopher W. Stewart and F. Leith Boggess on Metalmark's claims for intentional interference with prospective economic relationship and civil conspiracy. The jury awarded Metalmark $850,000 in compensatory damages. Before the court is Defendants' Rule 50 Motion for Judgment as a Matter of Law (#313).

## LEGAL STANDARDS

A motion for judgment as a matter of law must be denied, and a jury's verdict must be upheld, if the verdict is supported by substantial evidence. Wallace v. City of San Diego, 460 F.3d 1181, 1188 (9th Cir. 2006). "Substantial evidence is evidence adequate to support the jury's

conclusion, even if it is possible to draw a contrary conclusion from the same evidence." Id. The court must review the record as a whole but disregard all evidence favorable to the moving party that the jury is not required to believe. All reasonable inferences must be drawn in favor of the nonmoving party. Moreover, the court may not substitute its view of the evidence for the jury's, may not make credibility determinations, and may not weigh the evidence. Id.; Johnson v. Paradise Valley Unified School District, 251 F.3d 1222, 1227 (9th Cir.), cert. denied, 534 U.S. 1035 (2001).

## DISCUSSION

Defendants argue several reasons why the jury verdict should be overturned. They contend that the only evidence was that they acted in response to Jackman's actions that were inconsistent with any remaining viability of a relationship sufficient for performance of the CVC project. Defendants note that they were protecting their own financial interests and the welfare of a loved one. They state that there is no evidence they had actual knowledge that Janelle Stewart was breaching her fiduciary duty, as required for and aid-and-assist theory. Defendants also contend the evidence does not support a conclusion that Metalmark could have performed the CVC project, and thus was not damaged.

As Metalmark points out, the jury is not required to believe the defendants' testimony about their motives. The jury also is not required to accept the arguments of counsel. I instructed the jury on both the improper purpose and improper means prongs of the intentional interference tort. Although Metalmark did not argue an improper purpose theory to the jury, the jury could have decided that defendants acted to harm Jackman in retaliation for his threats to Janelle Stewart. Moreover, the relationships at issue are that of a father/daughter and

Page 3 - OPINION AND ORDER

husband/wife. The jury could infer that knowledge came from communications taking place which did not come out in the testimony. Concerning Metalmark's ability to perform the CVC project, there is evidence that the Stewarts are performing the work as part of Highland. The jury could have concluded that the parties would have found a way to mend the relationship and pull together as quickly as Highland did to obtain the people, equipment, and space necessary for the project.

Finally, defendants point out many problems with the testimony of Metalmark's expert witness on damages. The jury clearly did not believe everything he had to say either, as it reduced his calculations substantially in the award. However, the testimony was not so problematic that it is entitled to no weight.

Consequently, although I agree that it is possible to draw a contrary conclusion from the same evidence, I find that the verdict is supported by substantial evidence and should be upheld.

## CONCLUSION

Defendants' Rule 50 Motion for Judgment as a Matter of Law (#313) is denied.

IT IS SO ORDERED.

Dated this   11th   day of October, 2006.

                          /s/ Garr M. King
                          Garr M. King
                          United States District Judge