IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| METALMARK NORTHWEST, LLC, an Oregon limited liability company and VALLEY BRONZE OF OREGON, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LAURA JANELLE STEWART, CHRISTOPHER W. STEWART, F. LEITH BOGGESS, HIGHLAND ORNAMENTAL IRON WORKS, INC., a Virginia Corporation, MILESTONE TARANT, LLC, a District of Columbia Limited Liability Company, RICHARD T. ROSS, SUPERIOR IRON WORKS, INC., a Virginia Corporation, STEWART SPRINGS, LTD., <br><br> Defendants. | Case No. 04-682-KI (Lead Case) <br><br> *CONSOLIDATED CASE: Cv 05-1920-KI* <br><br> OPINION AND ORDER |

Robert L. Aldisert
Stephanie K. Hines
Cody M. Weston
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon  97209-4128

    Attorneys for Plaintiffs

Herman M. Braude
Michael A. Lewis
Braude & Margulies, P.C.
1200 Potomac Street, N.W.
Washington, D. C.  20007

Richard G. Price
Douglas S. Parker
Preston Gates & Ellis, LLP
222 S.W. Columbia Street, Suite 1400
Portland, Oregon  97201-6632

    Attorneys for Defendants

KING, Judge:

This action was remanded for the limited purpose of enabling this court to determine whether there was complete diversity of the parties both when the petition to confirm the arbitration award was filed in state court and when the action was removed to federal court.

## FACTS

At all material times, Valley Bronze of Oregon, Inc. ("Valley Bronze") was an Oregon corporation.  Metalmark Northwest, LLC ("Metalmark") was an Oregon limited liability company with members Stewart Springs, Ltd. ("Stewart Springs") and Valley Bronze.  Laura Janelle Stewart, Christopher W. Stewart, and F. Leith Boggess were all Virginia citizens.

On May 19, 2004, plaintiffs Metalmark and Valley Bronze filed CV04-682-KI ("2004 Action") against defendants Laura Janelle Stewart; Christopher W. Stewart; F. Leith Boggess; Highland Ornamental Iron Works, Inc., a Virginia corporation; and Milestone Tarant, LLC, a District of Columbia Limited Liability Company. On September 7, 2004, I sent some of the claims in the 2004 Action to arbitration, where Metalmark and Valley Bronze prevailed.

Metalmark and Valley Bronze filed a Petition for an Order Confirming Arbitration Award against defendants Stewart Springs and Laura Janelle Stewart in state court on December 14, 2005. That action was removed to this court on December 21, 2005 ("2005 Action").

Defendants moved to remand the 2005 Action for lack of diversity jurisdiction. The confusion over jurisdiction related to the fact that Stewart Springs moved from Oregon to Virginia. To resolve the motion, the parties filed a Stipulated Resolution of Motion to Remand ("Stipulation") on February 10, 2006. The Stipulation stated: (1) Stewart Springs was founded as a Virginia corporation in 1999; (2) Stewart Springs was incorporated in Oregon in 2001; (3) Stewart Springs ceased doing business in Oregon on July 17, 2005 and was dissolved by the Oregon Secretary of State's office; (4) Stewart Springs filed articles of incorporation in the Commonwealth of Virginia on September 8, 2005 and became a Virginia corporation as of that date.

Oregon Secretary of State's Business Registry states that Stewart Springs was administratively dissolved on June 10, 2005.

On February 28, 2006, I consolidated the 2005 Action with the 2004 Action. The two cases proceeded to trial and the result was appealed.

## DISCUSSION

The threshold issue is whether the Stipulation is relevant to this jurisdictional issue. Plaintiffs seek to enforce the facts within the Stipulation, notably that it says nothing about reinstatement or reincorporation of Stewart Springs. Defendants argue that a party cannot stipulate to federal subject matter jurisdiction.

A stipulation cannot cure a jurisdictional defect. Sentry Select Insurance Co. v. Royal Insurance Company of America, 481 F.3d 1208, 1217 (9th Cir. 2007).

I disagree with plaintiffs' reliance on Smith v. Ashland, Inc., 250 F.3d 1167 (8th Cir. 2001), for the proposition that even though parties cannot consent to subject matter jurisdiction itself, they may stipulate to facts establishing it. In Smith, the parties stipulated to the place of defendant's incorporation and principal place of business. When faced with plaintiff's argument that the defendant corporation had another facility in plaintiff's state, the court found the parties' stipulation was controlling and established diversity jurisdiction. The court reasoned that "a corporation's additional presence in another state does not destroy diversity jurisdiction." Id. at 1172. The fact of the additional presence was not contradicted by the stipulation, however. Here, Metalmark contends that defendants are trying to contradict the Stipulation.

Plaintiffs also rely on the judicial admission doctrine. No analysis is necessary. I do not believe defendants' argument concerning reinstatement/reincorporation of Stewart Springs, described further below, contradicts the Stipulation. Accordingly, I turn my attention to the Metalmark operating agreement and Oregon statutes.

Plaintiffs contend that Stewart Springs ceased to be a member of Metalmark at the time of Stewart Springs' dissolution in Oregon, which occurred prior to the petition to confirm the

Page 4 - OPINION AND ORDER

arbitration award in state court and the removal to federal court.  Thus, plaintiffs claim that complete diversity existed on the dates in contention because plaintiffs Metalmark and Valley Bronze were both citizens of Oregon and defendants Stewart Springs and Laura Janelle Stewart were both citizens of Virginia.

Defendants disagree with plaintiffs' analysis of Metalmark's citizenship.  Defendants contend that after Stewart Springs dissolved, its membership interest in Metalmark was assigned to Laura Janelle Stewart, whose Virginia citizenship was then conferred on Metalmark.  Defendants argue that when Stewart Springs incorporated in Virginia, it actually reinstated or reincorporated itself because it had the same name, same owner, same Federal Tax I.D., and same ongoing business.  According to defendants, after the reinstatement/reincorporation of Stewart Springs in Virginia, the membership interest in Metalmark reverted back to Stewart Springs as if it had never been dissolved.  Whether due to Laura Janelle Stewart being an assignee or Stewart Springs becoming a member again, defendants argue that Metalmark was a citizen of both Oregon and Virginia.

Plaintiffs respond that the citizenship of an assignee of an LLC membership interest is not considered in determining the LLC's citizenship.  They also note that Stewart Springs did not apply to either state for reinstatement and argue that there is no concept for reincorporation.  Instead, the corporation begins once its filing is accepted.  Plaintiffs contend that neither reinstatement nor reincorporation could revive Stewart Springs as a member of Metalmark.

Diversity jurisdiction extends to all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).  An LLC

is a citizen of every state of which its owners/members are citizens.  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

The Metalmark Operating Agreement states:

> 7.1  Cessation.  A member shall cease to be a member upon the member's death, incompetency, bankruptcy, dissolution, withdrawal, expulsion or assignment of the member's entire membership interest.
>
> 7.2  Rights Upon Cessation.  In the event that any member ceases to be a member pursuant to Section 7.1, the holder of the former member's interest shall be considered an assignee of such interest and shall have all the rights, duties and obligations of an assignee under the Oregon Limited Liability Company Act.  An assignee shall only become a member upon the unanimous affirmative vote of the remaining members, other than the assignor.

Weston Decl. Ex. 2 at 6.

Consequently, under the Operating Agreement, Stewart Springs stopped being a member as of its dissolution on June 10, 2005.  This is in accord with the Oregon Limited Liability Company Act.  ORS 63.265(1).  Stewart Springs did not apply for reinstatement as a limited liability company or as a corporation,[1] as allowed by statute.  See ORS 63.654 (limited liability company); ORS 60.654 (corporation).  There is thus no need to puzzle over the meaning of "carrying on its business as if the administrative dissolution had never occurred" and whether its membership in Metalmark was revived by the reinstatement.  ORS 63.654(3).

Under Article 7.2 of the Operating Agreement, once Stewart Springs dissolved and was no longer a member of Metalmark, Laura Janelle Stewart, as holder of Stewart Springs' interest, became an assignee.  She could only become a member of Metalmark, however, on the unanimous affirmative vote of the remaining members.  No such vote occurred.  The Oregon

---

[1] I doubt that Stewart Springs could be reinstated as a corporation because it was not originally a corporation that was administratively dissolved.

Page 6 - OPINION AND ORDER

Limited Liability Company Act discusses the duties of an assignee "until the assignee of a membership interest becomes a member." ORS 63.249(3), (4). The Act provides no alternative method for Laura Janelle Stewart to become a member of Metalmark.

Therefore, as of December 2005, when the petition to confirm the arbitration award was filed in state court and the action was removed to federal court, the parties' status was the following:

Plaintiff Metalmark had only one member, plaintiff Valley Bronze. Valley Bronze was a citizen of Oregon. Metalmark was also a citizen of Oregon and no longer a citizen of Virginia.

Defendants Stewart Springs and Laura Janelle Stewart were both citizens of Virginia. Complete diversity existed after Stewart Springs dissolved on June 10, 2005.

Defendants make an alternative argument that jurisdiction of this action resides in the Bankruptcy Court in Eastern Virginia, based on Laura Janelle Stewart's petition for personal bankruptcy on April 9, 2007. I agree with plaintiffs that this fact is not relevant to the limited issue before me on remand. The bankruptcy filing is over a year after the date the petition to confirm the arbitration award was filed in state court and the action was removed to federal court. Moreover, Stewart Springs did not petition for bankruptcy.

///

///

///

Page 7 - OPINION AND ORDER

## CONCLUSION

This court had diversity subject matter jurisdiction when the petition to confirm the arbitration award was filed in state court and when the action was removed to federal court.

IT IS SO ORDERED.

Dated this ____20th_____ day of March, 2008.

                                            /s/ Garr M. King  
                                           Garr M. King  
                                           United States District Judge